## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **ZACHARY SWANGSTU,** | |
| **Plaintiff,** | **CIVIL ACTION FILE NO.:** |
| **vs.** | _____ |
| **THOMAS ARVID FINE ART, INC. AND VANESSA ARVID** | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Zachary Swangstu (hereinafter "Plaintiff"), in his Complaint against Defendants Thomas Arvid Fine Art, Inc. (hereinafter "TAFA, Inc.") and Vanessa Arvid (hereinafter "Defendant Arvid") showing the Court as follows:

## THE PARTIES AND JURISDICTION AND VENUE

1.

This is an action arising out of the Fair Labor Standards Act (the "Act" or "the FLSA"), 29 U.S.C. §§ 201-216. Plaintiff is a resident of the State of Georgia and is a former employee of TAFA, Inc., which was the FLSA employer of Plaintiff from July 2014 through October 2015. Plaintiff served in the capacity of Assistant Sales Manager while working for TAFA, Inc. and was paid a salary of

$36,000. Plaintiff brings this action to recover from Defendants unpaid overtime compensation, liquidated damages, attorneys' fees, and costs pursuant to Section 6(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 216(b), as described below.

2.

Between the commencement of Plaintiff's employment and through his termination, on most weeks Plaintiff worked between 40 to 65 hours per week. However, Defendants had a known and stated (by Defendants) policy of not paying Plaintiff time and one-half for hours worked over forty per week. Defendants improperly classified Plaintiff as an employee that was "exempt" from overtime eligibility. Consequently, Plaintiff was never paid time and one-half wages for any hours worked over 40 hours weekly as required by the Fair Labor Standards Act.

3.

At all times relevant hereto, TAFA, Inc. was and is a Georgia corporation doing business in this judicial district with an office located at 180 Old Hamilton Road, Marietta, Georgia 30064.

4.

Defendant Arvid is the President and part-owner of TAFA, Inc. and also a resident of Cobb County, Georgia. Defendant Arvid ran the day-to-day corporate operations of Defendant TAFA, Inc. for the relevant time period and was

responsible for paying Plaintiff's wages for the relevant time period.   Defendant Arvid controlled TAFA, Inc.'s financial affairs and caused the corporation to compensate (or not to compensate) employees in accordance with the FLSA. Defendant Arvid had direct responsibility for the supervision of the Plaintiff that was both substantial and related to the company's FLSA obligations.

5.

Defendants are subject to actions of this kind and nature and may be served pursuant to Rule 4 of the Federal Rules of Civil Procedure.

6.

Defendants' business activities involve those to which the Fair Labor Standards Act applies, and Defendants are employers under the FLSA, 29 U.S.C. 203.

7.

This Court has original jurisdiction upon the Plaintiff's claims, based upon the Plaintiff's FLSA allegations, and pursuant to 28 U.S.C. §1331 and §1337. The wage and hour violations alleged herein all occurred in this District.   Venue is proper in this Court under 28 U.S.C. §§1391(b) and (c).

## FACTS COMMON TO ALL COUNTS

8.

Defendants operate an art company that creates, publishes, shows and sells fine art pieces. Defendants' gross revenue exceeds $700,000 per year.

9.

Plaintiff originally worked on a small team of three people. This team was reduced one by one until only Plaintiff was left, requiring Plaintiff to work more hours to complete the responsibilities of multiple people. During his employment with Defendants, Plaintiff worked between 40 to 65 hours per week on most weeks.

10.

At all relevant times, Plaintiff was improperly classified as exempt and not paid any overtime. Plaintiff's offer letter characterized his job as a "full-time, exempt position," but he should have been characterized as a non-exempt employee and entitled to overtime at the time of his hiring and throughout the course of his employment. Plaintiff was paid a salary.

11.

Plaintiff did not qualify for the outside sales exemption because Plaintiff's primary duty was not making sales, as defined in the FLSA. While nominally titled

the Assistant Sales Manager, Plaintiff's job included many tasks unrelated and not incidental to sales.

12.

Plaintiff acted as a personal assistant – not sales assistant – to the artist Thomas Arvid. Plaintiff's duties included: having full knowledge of the itinerary from start to finish; picking-up food, wine, and art supplies; acting as a designated driver; arranging transportation such as acquiring a rental car or driving the artist to shows; providing the artist with a full glass of wine, signing pens, and an easel for signing artwork. These duties did not involve an exercise of discretion and independent judgment with respect to matters of significance.

13.

To the extent that Plaintiff promoted sales, his promotional work was not incidental to his own outside sales but instead incidental to sales made, or to be made, by someone else. For example, Plaintiff trained gallery consultants on the artist's biography and selling points for the artwork. Plaintiff advised gallery consultants on the best way to sell Thomas Arvid's artwork, researched new markets, added galleries to the clientele list, and coordinated all aspects of event production with other galleries, including inventory, marketing, and venue reservations. These duties promoted sales that were made by the gallery consultants, not Plaintiff himself, and therefore are non-exempt duties.

14.

Plaintiff did not qualify for the outside sales exemption because he was not customarily and regularly engaged away from the employer's place or places of business. Plaintiff carried out most of these job responsibilities at the Defendants' "cabin" offices in Marietta, Georgia. Plaintiff did not customarily and regularly meet with clients face-to-face at the clients' home or business in order to make sales.

15.

Defendants willfully violated the FLSA. Defendants were aware of that Plaintiff did not qualify for the outside sales exemption, and Defendant Arvid routinely assigned Plaintiff many of his duties and said that he was expected to work long hours over forty in nearly every week. However, Defendant failed to pay Plaintiff any overtime premium(s) even though Defendant knew that this would be a violation of the FLSA.

16.

Defendants failed to keep required weekly time records as required by 29 U.S.C. § 211(c) (requiring every employer to "make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him"); *see also* 29 C.F.R. §

516.2(a)(7) (requiring that employers maintain records of "[h]ours worked each workday and total hours worked each work week" by employees).

## COUNT I – FLSA VIOLATIONS

### 17.

Plaintiff re-alleges paragraphs 1 through 16 and herein incorporates them by reference to this count.

### 18.

Defendants' policies and actions, as stated above, have caused Plaintiff to be deprived of wages due to him.

### 19.

Defendants' policies and actions as stated above, constitute a violation of the FLSA, 29 U.S.C. 207, requiring a time and one half to be paid for all hours worked over forty (40) in a given week, and a violation of the regulations promulgated thereunder by the Department of Labor.

### 20.

Pursuant to 29 U.S.C. 216(b), Defendant is liable to Plaintiff in the amount of his unpaid wages, an additional amount as liquidated damages, and his reasonable attorneys' fees and costs of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays this Court grant the following relief:

a.      A trial by jury pursuant to Fed. R. Civ. P. 38(b);

b.      An award of past due wages for the Plaintiff for the period of his employment;

c.      That the Court award Plaintiff liquidated damages for the violations of federal law alleged herein;

d.      That this Court issue a permanent injunction against Defendants, prohibiting Defendants from further acting in violation of the FLSA;

e.      That this Court award Plaintiff his reasonable attorneys' fees, and expenses of litigation;

f.      That Plaintiff be awarded prejudgment interest, his costs, and disbursements herein; and

g.      That Plaintiff be awarded appropriate damages, attorneys' fees, and expenses of litigation for the violations of law alleged herein.

h.      Any and other such further relief this Honorable Court or the Finder of Fact deems equitable and just.

Respectfully submitted this 13th day of November, 2015.


By:   /s/ Douglas R. Kertscher
      Douglas R. Kertscher
      Georgia State Bar No. 416265
      Email:      drk@hkw-law.com
      *Attorney for Plaintiff*

**HILL, KERTSCHER & WHARTON, LLP**
3350 Riverwood Parkway, Suite 800
Atlanta, Georgia 30339
Telephone:  (770) 953-0995
Facsimile:   (770) 953-1358

## <u>CERTIFICATION UNDER L.R. 7.1D</u>

Pursuant to Northern District of Georgia Local Rule 7.1.D, the undersigned counsel for Plaintiff hereby certifies that the above and foregoing pleading is a computer document prepared in Times New Roman (14 point) font in accordance with Local Rule 5.1B.

So certified this 13th day of November, 2015.

Respectfully submitted,

By:   /s/ Douglas R. Kertscher
      Douglas R. Kertscher
      Georgia State Bar No. 416265
      Email:      drk@hkw-law.com
      *Attorney for Plaintiff*

**HILL, KERTSCHER & WHARTON, LLP**
3350 Riverwood Parkway, Suite 800
Atlanta, Georgia 30339
Telephone:   (770) 953-0995
Facsimile:   (770) 953-1358